IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LISA REYNOLDS                                                                                                           PLAINTIFF

v.                                                    No. 5:07CV00168 JLH

ARKANSAS DEPARTMENT OF CORRECTION, *et al*.                                              DEFENDANTS

**OPINION AND ORDER**

Lisa Reynolds commenced this action against the Arkansas Department of Correction and against Marvin Evans, Jr., Bill McEntire, and Dora Wood individually and as officers of the Arkansas Department of Correction. She seeks declaratory, injunctive, and monetary relief based on alleged violations of Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1983, due process and equal protection under the Fourteenth Amendment. She also asserts state law claims under the Arkansas Civil Rights Act, ARK. CODE ANN. § 16-123-101, *et seq.*, for race and sex discrimination, breach of contract, wrongful discharge, intentional infliction of emotional distress, assault, battery, false arrest, and false imprisonment. The Arkansas Department of Correction has moved to dismiss the § 1981 and § 1983 claims and the state law claims based on sovereign immunity. The Arkansas Department of Correction has also moved to dismiss the Title VII claims for failure to state a claim. Individual defendants Marvin Evans, Jr., Bill McEntire, and Dora Wood have moved to dismiss the §§ 1981, 1983, and state law claims because they are not considered "persons" under those sections in their official capacity, and as individuals they have moved to dismiss based on qualified immunity. They also argue that the Title VII claim is not timely and that they are not proper defendants.

I.

Lisa Reynolds, a white female, was employed until October 30, 2006, as a correctional officer by the Arkansas Department of Correction at the facility located in Tucker, Arkansas. During the time she was employed there, Marvin Evans, Jr., a black male, was employed as warden. Dora Wood and Bill McEntire were also correctional officers and Reynolds's supervisors. Wood is a black female and McEntire is a black male. The complaint alleges that Wood and McEntire attacked, assaulted, battered, and used excessive force against Reynolds, causing her serious injuries. According to the complaint, Reynolds was then taken into custody in the captain's office and was not allowed to obtain medical treatment that she needed for her injuries. The complaint alleges that she was then intimidated, interrogated, and suspended from work without pay. On October 30, 2006, Reynolds was formally discharged. According to the complaint, neither Wood nor McEntire was discharged.

On July 5, 2007, Reynolds filed this complaint pro se, alleging claims under Title VII, § 1981, § 1983, and pendent state law claims for racial and gender discrimination, breach of contract, wrongful discharge, intentional infliction of emotional distress, outrage, assault, battery, false arrest, and false imprisonment. On July 25, 2007, the Arkansas Department of Correction filed a motion to dismiss arguing that it was immune from suit on Reynolds's state law claims and the claims under §§ 1981 and 1983. The Arkansas Department of Correction also argues that it is not a "person" under §§ 1981 and 1983 and that Reynolds has not alleged a valid Title VII claim. On November 6, 2007, Evans, McEntire, and Wood filed a motion to dismiss arguing that those defendants were entitled to immunity in their official capacities and qualified immunity as individuals on the §§ 1981 and 1983 claims; that the defendants are not "persons" in their official capacities under §§ 1981 and 1983; that the Title VII claim was time-barred; and that the defendants were not proper parties to a

Title VII action.

## II.

The Arkansas Department of Correction and the individual defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Specific facts are not required; the complaint simply must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-66, 165 L. Ed. 2d 929 (2007) (internal quotation marks omitted)). However, the complaint must include enough factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1964-65 & n.3; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). "A judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200; *see also Twombly*, 127 S. Ct. at 1964; *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 995 n.1, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974). In addition, this court must liberally construe a pro se complaint. *Smith v. St. Bernard's Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994).

## III.

Once the Equal Employment Opportunity Commission gives an individual notice of the right to sue based on a charge of discrimination, that person has ninety days after receipt of the letter to bring a civil action against the respondent named in the charge. 42 U.S.C. § 2000e-5(f)(1). When

the date of receipt is unknown or disputed, courts have presumed that the plaintiff received the right-to-sue letter within three days of its mailing. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1, 104 S. Ct. 1723, 1724 n.1, 80 L. Ed. 2d 196 (1984); *see also Stambaugh v. Kan. Dep't of Corrs.*, 844 F. Supp. 1431, 1432 (D. Kan. 1994). Reynolds acknowledges that she is unsure when she received the letter, but that it was sent on March 28, 2007. Because the date of receipt is unknown, this court will presume it was received after three days, which would be April 2, 2007. The deadline for Reynolds to file the complaint within ninety days was July 2, 2007. However, the complaint was filed on July 5, 2007.

The issue is whether the complaint should be time-barred by the ninety-day requirement of 42 U.S.C. § 2000e-5(f)(1). The Eighth Circuit has held that "the ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling in appropriate circumstances." *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989). Generally, courts have reserved the remedy of equitable tolling for circumstances which "were truly beyond the control of the plaintiff." *Id.* Appropriate circumstances for tolling include where notice from the EEOC is inadequate; where motion for appointment of counsel is pending, where the court has led the plaintiff to believe that the statutory requirements for filing a suit have been satisfied, or where misconduct on the part of the defendant lulled the plaintiff into inaction. *Baldwin County*, 466 U.S. at 151, 104 S. Ct. at 1725-26. Although Reynolds was acting pro se, the Supreme Court has stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants" and "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 152, 104 S. Ct. at 1726.

None of the circumstances outlined in *Baldwin County* is present in this case. It is unfortunate that Reynolds's attorney did not file her complaint as she expected he would have; however, it is clear that the delay in filing was not due to any misleading information by the EEOC, the court, or the defendants. The circumstances do not call for equitable tolling of the deadline; Reynolds's Title VII claims are therefore dismissed because they are time-barred.

## IV.

The Eighth Circuit has stated that a claim alleging a violation of § 1981 may not be brought directly against a state actor, but must be brought under § 1983. *Lockridge v. Board of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1007 (8th Cir. 2003). However, the court liberally construed the plaintiff's complaint as including claims for violations of § 1981 brought under § 1983 because the complaint alleged both §§ 1981 and 1983 violations. *Id.* Similarly, this Court liberally construes Reynolds's complaint as alleging violations of § 1981 under § 1983.

**A.   ARKANSAS DEPARTMENT OF CORRECTION**

The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the states' Eleventh Amendment immunity. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-56, 116 S. Ct. 1114, 1122-23, 134 L. Ed. 2d 252 (1996). The Arkansas Department of Correction is a state agency that is "the sole creation of the state" and has "no separate identity" from the state and cannot be stripped of its official character. *See Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988). The Arkansas Department of Correction has not consented to suit, nor did Congress abrogate the states' Eleventh Amendment immunity by enacting §§ 1981 and 1983. *Singletary v. Mo. Dep't of Corrs.*, 423 F.3d 886, 890 (8th Cir. 2005); *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). To the extent that Reynolds's §§ 1981 and 1983 claims are against the Arkansas Department of Correction, they must be dismissed because

the Eleventh Amendment bars suit against the agency itself for any kind of relief. *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Likewise, the Eleventh Amendment "bars federal court jurisdiction over state law claims against unconsenting states" when the state is the "real, substantial party in interest, regardless of the remedy sought." *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "This constitutional bar applies with equal force to pendent state law claims." *Id.* Therefore, the state law claims against the Arkansas Department of Correction must also be dismissed.

**B.     EVANS, MCENTIRE, AND WOOD**

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citation omitted) (holding that "neither a State nor its officials acting in their official capacities are "persons" under § 1983"); *Treleven v. Univ. of Minn.* 73 F.3d 816, 819 (8th Cir. 1996). However, when such an official is sued for injunctive relief, he or she "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Will*, 491 U.S. at 71 n.10, 109 S. Ct. at 2312 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106 n.14, 87 L. Ed. 2d 114 (1985); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 453-54, 52 L. Ed. 714 (1908)). To assert a valid claim under § 1983 in an official-capacity suit, a plaintiff must show either that the official was acting pursuant to an unconstitutional policy or custom, or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989). Reynolds has alleged that Evans, McEntire, and Wood discriminated against her

based on her race and gender in their treatment of her and ultimately in discharging her.  To the extent that she seeks prospective injunctive relief – specifically reinstatement of her position – her §§ 1981 and 1983 claims against Evans, McEntire, and Wood in their official capacities should not be dismissed.  Since Reynolds only seeks damages related to her state law claims, those claims against Evans, McEntire, and Woods in their official capacities are dismissed.

Reynolds also sued Evans, McEntire, and Wood as defendants in their individual capacities in this action.  The defendants claim they are entitled to qualified immunity.  "To prevail at this stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint."  *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005).  Qualified immunity shields public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, L. Ed. 2d 396 (1982).  "[I]t has been clearly established for many years that the Equal Protection Clause prohibits a State, when acting as an employer, 'from invidiously discriminating between individuals or groups' based upon race."  *Murphy v. State of Ark.*, 127 F.3d 750, 755 (8th Cir. 1997) (quoting *Washington v. Davis*, 426 U.S. 229, 239, 96 S. Ct. 2040, 2047, 48 L. Ed. 2d 597 (1976)).  Likewise, the "right to be free of invidious discrimination on the basis of sex is certainly clearly established, and no one who does not know about it can be called 'reasonable' in contemplation of law."  *Goodwin v. Cir. Ct. of St. Louis County, Mo.*, 729 F.2d 541, 546 (8th Cir. 1984).  Since discrimination based on race and sex are clearly established constitutional rights which a reasonable person would have known, and Reynolds's complaint alleges that Evans, McEntire, and Wood acted on such discrimination, the defendants are not entitled to qualified immunity.  Because the claims under the Arkansas Civil Rights Act may be construed in accordance with § 1983, ARK. CODE ANN. § 16-123-105(c), Evans,

McEntire, and Wood are also not entitled to qualified immunity on those claims.

## CONCLUSION

Reynolds's Title VII claims are time-barred and therefore dismissed. The motion to dismiss the Arkansas Department of Correction is granted based on sovereign immunity. Document #13. The motion to dismiss defendants Marvin Evans, Jr., Bill McEntire, and Dora Wood is granted in part and denied in part. Document #30. To the extent that Reynolds seeks damages from Evans, McEntire, and Wood in their official capacities, her § 1981, § 1983, and state law claims are dismissed. However, the motion to dismiss Evans, McEntire, and Wood in their official capacities is denied as to prospective injunctive relief under §§ 1981 and 1983. The motion to dismiss Evans, McEntire, and Wood on the § 1981, § 1983, and Arkansas Civil Rights Act claims as individuals is denied.

IT IS SO ORDERED this 21st day of July, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE